## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **RECONSIDER ORDER OF DETENTION** |
| vs. | ) | |
| | ) | |
| Michael Alexander Baxter, | ) | Case No. 1:22-cr-174 |
| | ) | |
| Defendant. | ) | |

Before the court is Defendant's Motion to Reconsider Order of Detention. (Doc. No. 16). For the reasons that follow, the motion is denied.

Following a detention hearing on December 6, 2022, the court ordered Defendant detained pending trial, finding:

> Defendant has not presented evidence to rebut the presumption of detention. The Court notes Defendant has a criminal history that includes violence, weapons, drugs, fleeing law enforcement, failing to abide by court-imposed conditions, failing to appear, and a history of substance abuse issues. Defendant has no source of regular income or assets. Release to Defendant's residence is also not appropriate because it does not have any supervision or oversight. Defendant shall remain in custody at this time.

(Doc. No. 15).

On January 30, 2023, Defendant filed a motion requesting the court to reconsider its detention order and either release him on conditions or add his name to the waiting list for a residential reentry placement. (Doc. No. 16). He advises that he recently obtained certifications necessary to begin trucking work in the oil field, stressing that the process was intense and required him to submit to drug testing. He asserts that he will not be able to maintain his business and will lose the truck he is purchasing if he is not released. Additionally, he requests the court to again

review his criminal history and stresses that he has no recent history of violence.

On February 13, 2023, the United States filed a response in opposition to Defendant's motion. (Doc. No. 20). It asserts that the information provided by Defendant has no bearing on the issue of detention and therefore does not provide a basis for reconsideration of the court's detention order.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The information shared by Defendant in his motion is not appear to be new. The Pretrial Services shared with the court in its bond report that defendant had recently purchased a truck and started a trucking business, Around the Clock Hotshot Services, that he had registered with the State Department of Transportation. In any event, Defendant's certifications and efforts to start a new business do not rebut the presumption of detention that exists in this case by virtue of the offenses with which he is charged and do not otherwise materially bear on the issue of detention.

Even if Defendant could rebut the presumption of detention, the court finds that 18 U.S.C. § 3142(g) factors continue to weigh heavily in favor of detention. The nature and circumstances of the charged offenses–the trafficking of dangerous, highly addictive substances while possessing a firearm–are disconcerting. Defendant's criminal history includes weapons use, substance abuse, fleeing from law enforcement, failures to appear for scheduled proceedings, and failures to comply with court orders. Given this history and nature of the charged offenses, the court remains of the opinion that there are no conditions or combination of conditions that will reasonably assure

Defendant's appearance at future proceedings or the safety of the community. Accordingly, Defendant's motion for reconsideration (Doc. No. 16) is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 14th day of February, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
